2010-02774
FILED
November 30, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003106766

Justin T. Ryan, Esq. (SBN 261672)
Law Offices of Justin T. Ryan
2534 State Street, Suite 404
San Diego, CA 92101
Phone: (619) 822-2533
Fax: (619) 923-2543

Attorney for Plaintiff
HERITAGE PACIFIC FINANCIAL LLC

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISIONAL OFFICE

| | |
|---|---|
| In Re:<br>GEORGE EDWARD AND MARIA ELENA COUNTOURIOTIS<br><br>Debtor.<br>―――――――――――――――――――<br>HERITAGE PACIFIC FINANCIAL, LLC. D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br>GEORGE EDWARD AND MARIA ELENA COUNTOURIOTIS,<br>Defendants. | Chapter 7<br>Bankruptcy No. : 2:10-bk-44718<br><br>Adversary Case No.:<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**<br>**[11 U.S.C. §523(a)(2)(A); 11 U.S.C. §523(a)(2)(B)]**<br><br>DATE: See Summons |

## COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT AND FOR JUDGMENT

Plaintiff, through its attorney, Justin T. Ryan of Law Offices of Justin T. Ryan states as follows:

### I. PARTIES AND JURISDICTION

---

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
- 1 -

1. This is an adversary proceeding in bankruptcy brought by Heritage Pacific Financial, LLC. dba Heritage Pacific Financial pursuant to 11 U.S.C. § 523.

2. Defendants filed a Chapter 7 bankruptcy petition on September 16, 2010.

3. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. §1334, AND 11 U.S.C. § 523; this matter is a core proceeding.

4. Plaintiff is a creditor of defendant. Plaintiff is the assignee and current owner and/or holder of Defendants' loan and related mortgage note.

## II. FIRST CLAIM FOR RELIEF

### False Pretenses, False Representation or Actual Fraud

### [11 U.S.C. § 523(a)(2)(A); 11 U.S.C. §523(a)(2)(B)]

5. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4, above.

6. Plaintiff has attempted to resolve this matter prior to filing this complaint by contacting the Defendants.

7. In an effort to obtain funds to purchase real property, Defendants applied for and obtained a loan bearing Loan No. XXXXX0338.

8. Defendant utilized the aforementioned loan, creating a balance due and owing on this loan of $73,673.08 including interest as of the date the bankruptcy petitioner was filed.

9. In an effort to obtain funds to purchase their property, Defendants caused to have completed on their behalf, a Uniform Residential Loan Application, otherwise known as a 1003 Form, which Defendants executed and signed.

10. On the Uniform Residential Loan Application, Defendants certified the accuracy of the information contained therein and consented to the verification and re-verification of the information contained therein.

11. Among the information provided and certified by Defendants in their Uniform Residential Loan Application, Defendants were required to certify information regarding their

current employer, statements of their gross monthly income, and to certify that their intended to use the loan proceeds to purchase real property which Defendants intended to use as their primary residence.

12. In furtherance of their effort, because Defendants knew that their then current income was insufficient to support the approval of the loan and/or in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes and thereon alleges that Defendants:

a) Provided, prepared, caused to be prepared, false loan applications, which misstated her employment, income and/or intended use of the property as a primary residence;

b). Certified a false loan application, which misstated their employment income and/or intended use of the property as a primary residence; and

c). Caused their agents to submit to lenders a false loan application and other loan related documents

13. The lender did not know, and had no reason to know, that the information and documentation provided by Defendants in, and in conjunction with, their loan applications was false, and in reliance on the information and documentation provided by Defendants to the lender therein approved the loan.

14. Defendants executed a promissory note in favor of their initial lender, its successors, transferees, and assigns (collectively hereinafter "LENDER").

15. The proceeds of the loan, as referenced in the promissory note, were to be used by Defendants in the purchase or refinance of the property described therein. In exchange, Defendants agreed and promised to pay Lender according to the mutually agreed upon terms and conditions more particularly described in the promissory notes.

16. At the time of the execution of the loan, Defendants failed to disclose to Lender that they did not and would not have been able to earn the amount of income as represented on the loan applications.

17. Lender fully performed, and Defendants acquired title to the property.

18. The promissory note was duly assigned by the original lender and/or its assignees to Plaintiff, who is the current owner and/or holder of Defendants' Loan and related mortgage note.

19. Defendants have defaulted on their obligations to re-verify the information contained in their Uniform Residential Loan Application. Despite Plaintiff's attempts to secure information from Defendants to re-verify the information contained in their loan application, Defendants have failed and/or refused to comply with Plaintiff's requests.

20. By reason of the foregoing, Defendants obtained money from Lender through false pretenses, false representations and actual fraud.

21. Defendants, therefore, had a specific intent to defraud Lender by accepting the benefits of the financing without ever intending to repay the same.

22. Defendants' actions constitute material misrepresentations of the facts.

23. Defendants intended for Lender to rely on those misrepresentations.

24. Lender did rely upon Defendants' misrepresentations of repayment and was induced to lend money to Defendants by those misrepresentations.

25. Lender reasonably relied on Defendants' misrepresentations.

26. As a result of Defendants' conduct, Plaintiff has suffered damages at a minimum in the amount of $73,673.08 plus interest and reasonable attorney fees.

Pursuant to 11 USC § 523(a)(2), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $73,673.08 plus interest and reasonable attorney fees.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendants in the amount of $73,673.08, plus accrued interest at the contractual rate, plus, additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2);

3. An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

Dated: November 30, 2010

**Respectfully Submitted,**
**LAW OFFICES OF JUSTIN T. RYAN**

By: /s/ Justin T. Ryan
Justin T. Ryan
Attorney for Plaintiff
Heritage Pacific Financial, LLC. dba
Heritage Pacific Financial